IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDERICK RUTH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. H-06-782 |
| v. | § | |
| | § | |
| | § | |
| KROGER TEXAS LP | § | |
| | § | |
| Defendant. | | |

**MEMORANDUM AND ORDER**

Defendant Kroger Texas L.P. ("Kroger") has moved for summary judgment on all of Plaintiff Frederick Ruth's claims. For the reasons that follow, Kroger's motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**I. FACTS**

The following factual background is uncontested. Mr. Ruth began working for Kroger on January 22, 2003. In October 2005, Mr. Ruth, who is African-American, filed a grievance with his union, the United Food and Commercial Workers ("UFCW"). To resolve the grievance, Kroger agreed with the UFCW that Kroger would remove all record of disciplinary action from his file in return for his demotion and transfer to another store. Mr. Ruth did not, at the time, indicate to Kroger that he was displeased by this disposition. After the demotion, Mr. Ruth filed with the EEOC, claiming he had been demoted because of his race.

In April 2006, Mr. Ruth requested a personal leave of absence. On his first day of leave, Mr. Ruth's girlfriend brought a communication from his doctor explaining that he was under his doctor's care and would not be able to return to work until April 30, 2006. During April, however, Kroger learned that Mr. Ruth was working for another employer, CVS Pharmacy. The collective bargaining agreement between Kroger and the UFCW provided that "any employee accepting employment elsewhere while on leave of absence, shall be considered a voluntary quit . . . ." When Mr. Ruth returned from leave, Kroger suspended him and later terminated him. After his suspension, Mr. Ruth filed another charge with the EEOC, alleging that he had been suspended in retaliation for his previous filing.

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 255.

### III. PLAINTIFF'S PRIMA FACIE CASE

Plaintiff contends that he received disparate treatment from Kroger because of his race. Under the familiar standards of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), such a plaintiff must establish a *prima facie* case of discrimination and, if the defendant provides a legitimate non-discriminatory reason for its actions, then must prove that the reason offered was pretextual or that defendant's reason, while true, is only part of the reason for the defendant's conduct and that another motivating factor is the plaintiff's protected characteristic. To establish a *prima facie* case, plaintiff must show 1) that he was a member of the protected class; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) others similarly situated were treated more favorably. *Id.* at 802.

Mr. Ruth clearly satisfies the first two criteria in that he is African-American and was qualified for his position. He does not, however, meet the other criteria.

#### A. Mr. Ruth's Demotion

Mr. Ruth is unable to show that his demotion was an adverse employment decision because the UFCW informed Kroger that he had agreed to it. (Mot. Summ. J. Ex. 1, at 22, 75.) Mr. Ruth was a member of the UFCW and it had the authority to speak for him and negotiate on his behalf. If Mr. Ruth now objects to the manner in which this was handled, or to the result, he will need to take that up with his union. Kroger had the right to rely on the union's representations. *A.G. Baker v. Gen. Motors Corp.* 478 U.S. 621, 629 (1986).

#### B. Mr. Ruth's Suspension and Termination

The parties agree that the collective bargaining agreement clearly provides that "any employee accepting employment elsewhere while on leave of absence shall be considered a

voluntary quit . . . ." Mr. Ruth acknowledges that he was working for CVS Pharmacy during the period he was supposed to be on medical leave from Kroger, although he does quibble with whether or not he can be said to have been "accepting" employment. The nomenclature is of no moment. Kroger was again entitled to rely on the collective bargaining agreement and, even in the unlikely event that Mr. Ruth's interpretation of it is correct, that does not make Kroger's decision a racially discriminatory one. *Bryant v. Compass Group*, 413 F.3d 471, 478 (5th Cir. 2005). As has been held many times, the courts do not test employment decisions for their wisdom, only for their discriminatory purpose or intent. Moreover, Mr. Ruth does not even attempt to show that other Kroger employees were working for other employers and were not terminated.

### C. Mr. Ruth's Claim of Retaliation

To establish a *prima facie* case of retaliation, an individual must show that 1) he engaged in a statutorily protected activity; 2) that he experienced an injury or harm that would have dissuaded a reasonable worker from making or supporting a charge of discrimination; and 3) that a causal link exists between the protected activity and the injury or harm. *Nowlin v. Resolution Trust Corp.*, 33 F. 3d 498, 507 (5th Cir. 1994). In this instance, Mr. Ruth was demoted within a month of filing his grievance with the union, and terminated within five months of filing an EEOC charge. Still, temporal proximity is not enough. *Strong v. Univ. Healthcare Sys.* No. 06-30270, 2007 WL 891148, at *6 (5th Cir. Mar. 26, 2007). Mr. Ruth offers no evidence whatsoever that would tend to suggest that the demotion, suspension, or termination were retaliatory, and certainly none to suggest that any comparable employee was treated differently. As already noted, Kroger had significant intervening and nondiscriminatory reasons for its actions.

### D. Mr. Ruth's Other Claims

Mr. Ruth also complains that certain store keys that he once had were taken away from him. Further, he alleges that he was excluded from management meetings held on Monday mornings while he was the grocery manager. There is, however, no genuine issue that Mr. Ruth had the store keys when he was working at night, and he was later moved to the day shift. During the day shift, he did not need the keys. (Mot. Summ. J. Ex. 1, at 81) The meetings of which Mr. Ruth complains were those held during the day shift at a time when he was working night shift. Thus, the meetings would not start until after he had left work. (*Id.* 86-87; Ex. 18, at 13-15.) Additionally, even if Mr. Ruth had been deprived of his keys and excluded from certain meetings, neither qualifies as a materially adverse labor action. *Burlington N. & Santa Fe Ry. Co. v. White,* 126 S. Ct. 2403 (2006).

## IV. MR. RUTH'S JOB APPLICATION

Mr. Ruth revealed in the course of discovery that he had not disclosed four criminal convictions on his employment application. (Mot. Summ. J. Ex. 1, at 8-10, 18.) The parties do not dispute that, under the collective bargaining agreement, a false answer on an employment application will result in termination if discovered within sixty days. Under *McKennon v. Nashville Banner Publishing Co.,* 513 U.S. 352 (1995), this would defeat any of Mr. Ruth's claims for reinstatement or front pay.

## V. CONCLUSION

Because there is no genuine issue as to any material fact, Kroger's Motion for Summary Judgement is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

Signed at Houston, Texas on this ___11th___ day of ___July___ 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE